**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3267
_____

UNITED STATES OF AMERICA

v.

JOSE ESTEBAN MERCADO-COLON,
                                   Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 3:22-cr-00026-01)
District Judge: Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 18, 2025
_____

Before: CHAGARES, <u>Chief</u> <u>Judge</u>, BIBAS, and RENDELL, <u>Circuit</u> <u>Judges</u>

(Filed: February 20, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Jose Mercado-Colon was sentenced to 51 months of imprisonment after he pled guilty to assault with a dangerous weapon. His attorney has filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967). For the reasons below, we will grant the motion and affirm the judgment of sentence.

I.

We write primarily for the parties and so recite only those facts pertinent to our decision. Mercado-Colon slashed a fellow inmate multiple times with a sharpened object after that inmate punched him, and the inmate lost his left eye.

A grand jury returned an indictment on January 25, 2022, which charged Mercado-Colon with (1) assault with a dangerous weapon, (2) assault resulting in serious bodily injury, and (3) possession of contraband in prison. Mercado-Colon entered into a plea agreement pursuant to which he pled guilty to assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3), which carries a maximum term of imprisonment of ten years. Mercado-Colon was represented by counsel and attested that he was satisfied with defense counsel's representation in the plea agreement.

The recommended term of imprisonment pursuant to the United States Sentencing Guidelines ("Guidelines") was 77 to 96 months. The presentence investigation report ("PSR") calculated the applicable criminal history category to be category VI because Mercado-Colon was a career offender. It further noted that, for each of his criminal convictions as an adult, Mercado-Colon was either represented by counsel or waived his right to counsel. The plea agreement stipulated that the applicable offense level was 21,

and the victim's conduct warranted a departure pursuant to § 5K2.10.[1] The parties further agreed that a modified sentencing range, from six months below the bottom of the applicable Guidelines range to the bottom of the Guidelines range, was appropriate given "the defendant's agreement to a fast-track resolution of this case." Appendix 23. Accordingly, the final, recommended Guidelines range was 51 to 57 months.

In addition to the sentencing submissions filed by defense counsel, Mercado-Colon filed a pro se objection to the PSR's criminal history calculation because the PSR failed to specify the charges for which he was represented by counsel. At the sentencing hearing, the District Court noted that a PSR issued in conjunction with a prior conviction indicated that he was represented by counsel for earlier convictions. The District Court sentenced Mercado-Colon to a term of imprisonment of 51 months.

Mercado-Colon filed a pro se motion for reconsideration on the grounds that (1) counsel was ineffective because he did not argue that the PSR incorrectly calculated his criminal history and (2) his plea was not knowing or voluntary because the hearing was not conducted in his native language of Spanish. He further requested to be assigned a Spanish-speaking attorney and judge. The District Court dismissed his motion for lack of jurisdiction.

Mercado-Colon timely appealed. On January 8, 2024, he filed a pro se amended notice of appeal and a motion for a change of counsel. Mercado-Colon asserts that (1) he

---

[1] The plea agreement initially incorrectly calculated the offense level to be 22, and the parties orally amended the calculation to be an offense level of 21 at the change of plea hearing.

did not enter a voluntary and informed guilty plea because he did not have access to adequate translation services; (2) the criminal history calculation erroneously included his prior convictions without specifying that he was represented by counsel; and (3) his counsel was ineffective.

We granted his motion for new counsel, and Mercado-Colon's new counsel now seeks to withdraw because there is no viable basis for appeal. The Government agrees.

II.[2]

Under Anders, court-appointed counsel may — after finding any appeal "to be wholly frivolous" after careful examination of the record — file a brief so "advis[ing] the court and request[ing] permission to withdraw." 386 U.S. at 744. This Court must consider "(1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a), and (2) whether an independent review of the record presents any nonfrivolous issues." Simon v. Gov't of Virgin Islands, 679 F.3d 109, 114 (3d Cir. 2012) (cleaned up). "We exercise plenary review to determine whether there are any such issues" and review factual findings for clear error. Id.

The withdrawing counsel's brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues" and "explain why the issues are frivolous." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). An appeal is frivolous if "the appeal lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988). If "the *Anders* brief initially

___

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

appears adequate on its face," the second step of our inquiry is guided "by the *Anders* brief itself." <u>Youla</u>, 241 F.3d at 301 (quotation omitted). "[A] complete scouring of the record" is unnecessary. <u>Id.</u>

Because the <u>Anders</u> brief in this case is facially adequate, we confine our review to the issues identified by the brief. Mercado-Colon's counsel has identified two areas for review: (1) whether the use of an interpreter during the change of plea hearing was proper and (2) whether the District Court correctly calculated Mercado-Colon's criminal history and imposed a reasonable sentence. Mercado-Colon did not file a <u>pro</u> <u>se</u> brief in response.

First, the District Court provided Mercado-Colon with adequate translation services by a sworn interpreter. We have held that translation services are sufficient to address any language barrier, and a Spanish-speaking defendant has no right to a Spanish-speaking attorney. See <u>Gov't of Virgin Islands v. Martinez</u>, 847 F.2d 125, 127 (3d Cir. 1988). At the outset of the change of plea hearing, Mercado-Colon affirmed that he could understand the proceedings and answer the District Court's questions intelligently. He further confirmed that an interpreter had read the plea agreement to him in Spanish and was available to assist Mercado-Colon in discussing any questions regarding the agreement with defense counsel. He then listened to a translated summary of the plea agreement and stated that he understood the terms of the agreement and had no questions. And though there were brief audio issues that interfered with the translation, the District Court repeated itself and had the transcript translated back to the defendant before proceeding to ensure that Mercado-Colon was able to follow along.

5

Second, the District Court imposed a reasonable sentence.  We review the reasonableness of a sentence for abuse of discretion and will affirm unless no reasonable court would have imposed such a sentence.  United States v. Tomko, 562 F.3d 558, 567–68 (3d Cir. 2009) (en banc).  A sentencing court must follow three procedural steps: (1) calculate the appropriate Guidelines range; (2) rule on any departure motions; and (3) exercise discretion by considering the relevant 18 U.S.C. § 3553(a) factors.  See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).  We discern no procedural or substantive error here.  The District Court considered submissions and argument from the government, defense counsel, and Mercado-Colon.  It correctly calculated the Guidelines range; granted the motion for a departure based on the victim's conduct; and considered the § 3553(a) factors.  The District Court then imposed a sentence of 51 months, well below the statutory maximum of ten years.  That sentence was reasonable in light of the severe physical harm that Mercado-Colon inflicted during the assault.

Although Mercado-Colon argued that the PSR did not specify for which charges he was represented by counsel, the PSR clearly stated that he either had counsel or waived counsel for all previous adult convictions.  Mercado-Colon does not allege that he was denied the right to counsel as part of any convictions, and thus, "the presumption of regularity attaches to the conviction[s]."  United States v. Jones, 332 F.3d 688, 697 (3d Cir. 2003).  Even if the record were silent as to whether his Sixth Amendment right to counsel was upheld as part of his prior convictions, which it is not, we would not read such silence to imply that Mercado-Colon was denied his right to counsel.  See id.

6

Finally, we decline to review Mercado-Colon's claim that his counsel provided ineffective assistance. We entertain claims of ineffective assistance of counsel on direct review only where "the record is sufficient to allow determination of ineffective assistance of counsel" so that "an evidentiary hearing to develop the facts is not needed." United States v. McLaughlin, 386 F.3d 547, 556 (3d Cir. 2004) (quoting United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991)). That is not the case here. Mercado-Colon may, however, pursue his ineffective assistance of counsel claim and seek to develop the record in the District Court in a motion made pursuant to 28 U.S.C. § 2255.

In sum, we conclude that counsel has fulfilled the requirements of Anders by making a thorough examination of the record. We have independently reviewed the record and do not identify any non-frivolous issues on direct appeal.

## III.

For the foregoing reasons, we will grant counsel's motion to withdraw and will affirm the District Court's judgment of sentence. In addition, we certify that the issues presented lack legal merit and that counsel is not required to file a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R. 109.2(b) (2011).